IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _AC_ D.C.

05 AUG -1 AM 10: 32

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | Cv. No. 05-2442-Ma/An |
| JIM L. TOWNSEND, | X | Cr. No. 91-20148-G |
| Defendant. | X | |

ORDER CONSTRUING FILING AS MOTION PURSUANT TO
28 U.S.C. § 2244(b)(3)
AND
ORDER TRANSFERRING MOTION PURSUANT TO 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Defendant Jim L. Townsend, Bureau of Prisons inmate registration number 13003-076, an inmate at the Federal Correctional Institution in Memphis filed a _pro se_ motion pursuant to 28 U.S.C. § 2255, accompanied by a legal memorandum, on June 16, 2005.

On June 6, 1991, a federal grand jury returned a two-count indictment against Townsend and certain codefendants. The first count of the indictment charged Townsend and three codefendants, Bernice Turner, Willie Harold Skipper, and Hazel Little, with conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. The second count charged Townsend and Little with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841. The case proceeded to trial before then-District Judge Julia Smith Gibbons on January 21, 1992. On January 29, 1992, the jury returned

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on ___8-2-05___

a verdict finding Townsend guilty on both counts of the indictment. Judge Gibbons conducted a sentencing hearing on October 23, 1992, at which time Townsend was sentenced to mandatory life imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed defendant's conviction and sentence. United States v. Little, Nos. 92-6719, 92-6720, 92-6721, 1993 WL 501570 (6th Cir. Dec. 6, 1993), cert. denied, 513 U.S. 942 (1994).

On June 30, 1995, Townsend filed a pro se motion, pursuant to Fed. R. Crim. P. 33, seeking a new trial. Judge Gibbons denied that motion on June 28, 1996. On September 15, 1996, defendant filed a pro se motion for reconsideration in which he raised certain additional arguments. That motion was denied on December 23, 1996. The Sixth Circuit affirmed the denial of defendant's motion for a new trial. United States v. Townsend, No. 97-5155, 1999 WL 313856 (6th Cir. May 3, 1999).

Townsend filed his first motion pursuant to 28 U.S.C. § 2255 on August 2, 2000, and he subsequently filed amendments on November 13, 2000; December 19, 2000; February 12, 2001; and March 19, 2001. Judge Gibbons issued on order on September 28, 2001 denying the motion as untimely and denying a certificate of appealability. Townsend v. United States, No. 00-2678-G/V (W.D. Tenn.). Judgment was entered on October 9, 2001. Townsend's appeal was dismissed for failure to prosecute. Townsend v. United States, No. 01-6333 (6th Cir. Feb. 13, 2002).

Townsend then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 12, 2002. District Judge Bernice B. Donald issued an order denying the petition on March 14,

2003, Townsend v. Davis, 254 F. Supp. 2d 978 (W.D. Tenn. 2003), and the Sixth Circuit affirmed, Townsend v. Davis, 83 Fed. Appx. 728 (6th Cir. Dec. 5, 2003), cert. denied, 541 U.S. 1090 (2004).

On June 16, 2005, Townsend filed a second § 2255 motion in which he contends that his sentence is unconstitutional in light of the Supreme Court's decisions in United States v. Booker, 125 S. Ct. 738 (2005), and Shepard v. United States, 125 S. Ct. 1254 (2005).

This motion is a successive § 2255 motion that cannot be filed in this district without obtaining permission from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also United States v. Bender, 96 Fed. Appx. 344 (6th Cir. Apr. 26, 2004); McQueen v. Scroggy, 99 F.3d 1302, 1334-35 (6th Cir. 1996).[1] Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.

Townsend's latest motion cannot be filed in this district without permission from the Court of Appeals. Therefore, under Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ORDERED that the

---

[1] It does not appear that Townsend has filed a copy of this motion with the Sixth Circuit.

Clerk transfer this motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED this 29th day of July, 2005.

*[signature]*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:05-CV-02442 was distributed by fax, mail, or direct printing on August 2, 2005 to the parties listed.

---

Jim L. Townsend
FCI-Memphis
13003-076
P.O. Box 34550
Memphis, TN 38184

Timothy R. DiScenza
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT